[No. D041904. Fourth Dist., Div. One. May 26, 2004.]

CECILIA ANASTOS et al., Plaintiffs and Respondents, v.
KUO CHEN LEE et al., Defendants and Appellants.

**COUNSEL**

Manning & Marder, Kass, Ellrod, Ramirez and Scott W. Davenport for Defendants and Appellants.

Heinz & Feinberg and Mark D. Feinberg for Plaintiff and Respondents.

**OPINION**

**McINTYRE, J.—** In this case we conclude that once a party obtains a court order allowing service of the summons and complaint by publication, a separate order is not necessary to simultaneously serve the statement of damages by publication.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2000, a vehicle driven by Kuo Chen Lee (also known as "Peter") rear-ended a vehicle driven by Cecilia Anastos, in which her minor child, Theo, was a passenger. Kuo Chen Lee provided Anastos with an address, which was either incorrect or transposed incorrectly, and insurance information. In April 2001, after unsuccessful negotiations with defendants' insurance

company, Anastos filed a complaint in superior court against Kuo Chen Lee and Benson Lee (together defendants) for personal injuries and property damage.

In June 2001, Anastos requested and the court granted an extension of time to serve the defendants because she had been unable to locate them. In August 2001, Anastos filed an ex parte application for an order permitting service of process by publication. (Code Civ. Proc., § 415.50; all undesignated statutory references are to this code.) After the court issued the order, the summons and complaint and statement of damages appeared in the Uptown Examiner, a newspaper of general circulation published in San Diego, California in four consecutive weeks in September 2001.

The defendants did not answer the summons and complaint, and the court entered their default in November 2001. In March 2002, the court held a default prove-up hearing and entered a judgment for Anastos in the amount of $42,196.76.

In November 2002, the defendants filed a motion to set aside the default for lack of actual notice without inexcusable neglect or avoidance of service pursuant to section 473.5. The defendants supported their motion with declarations from their counsel and their investigator. After the court denied the motion, the defendants filed a motion for reconsideration, which the trial court also denied. This appeal followed.

## DISCUSSION

1. *Service of Statement of Damages by Publication*

The defendants contend the default judgment must be set aside because section 425.11 requires Anastos to serve the statement of damages in the same manner as the summons and because the service of the summons by publication requires a court order, Anastos was required to obtain a separate court order to effect valid service of the statement of damages. We reject this contention.

In order to utilize service by publication, section 415.50 requires a showing that "reasonable diligence" was exercised in the attempt to locate the litigant upon whom personal service is required. Here, Anastos applied for and, after demonstrating an exercise of reasonable diligence in attempting to locate the defendants, the court ordered the summons and complaint to be served by publication.

To ensure a personal injury defendant is provided with due process, the Legislature enacted section 425.11, requiring a personal injury plaintiff to

serve a separate statement of damages on the defendant. If a party has not appeared in the action, a statement of damages must be served in the same manner as a summons before a default may be taken. (§ 425.11, subds. (c) & (d)(1); *Plotitsa v. Superior Court* (1983) 140 Cal.App.3d 755, 759 [189 Cal.Rptr. 769].) The statute applies even where a summons is served by publication (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 210 [1 Cal.Rptr.2d 836]) and serves to protect a defaulting defendant from unlimited liability by providing notice of the maximum judgment that may be assessed. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].) A default is void if a personal injury plaintiff fails to serve the statement of damages. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 432 [280 Cal.Rptr. 83, 808 P.2d 226].)

Here, after Anastos obtained the order to serve by publication, the summons, complaint, and statement of damages were published simultaneously in a San Diego newspaper for four consecutive weeks. While defendants argue that Anastos was required to obtain a separate court order for the publication of the statement of damages, they cite no applicable statute or case authority supporting their contention. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].) Here, defendants' citation to the entire Code of Civil Procedure is overbroad and insufficient.

■ In any event, the court issued an order allowing for service of the summons and complaint by publication and the statement of damages was served by publication; thus defendants were served in the same manner as the summons as required by section 425.11. Anastos was not required to obtain a second court order and therefore the default judgment is not void for defective service of process.

## 2. *Denial of Motion to Set Aside Default Judgment*

Defendants contend that the trial court abused its discretion in denying their motion to set aside the default judgment because they lacked actual notice of the lawsuit and the lack of notice was not caused by inexcusable neglect or avoidance of service. We reject this contention.

■ "A motion to vacate a default and set aside [a] judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' " (*Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619–620 [177 Cal.Rptr. 314], quoting *City Bank of San Diego v. Ramage* (1968) 266 Cal.App.2d 570, 579 [72 Cal.Rptr. 273].) The appropriate

test for abuse of discretion is whether the trial court exceeded the bounds of reason. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)

■ Discretionary relief based upon a lack of actual notice under section 473.5 empowers a court to grant relief from a default judgment where a valid service of summons has not resulted in actual notice to a party in time to defend the action. (*Tunis v. Barrow* (1986) 184 Cal.App.3d 1069, 1077–1078 [229 Cal.Rptr. 389]; § 473.5 subd. (a).) A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service. (*Tunis v. Barrow, supra,* 184 Cal.App.3d at pp. 1077–1078; § 473.5 subd. (b).)

Here, the defendants' motion to set aside the default judgment was supported by declarations from their counsel and from their investigator. The trial court correctly ruled that the declaration of counsel failed to show that any inferred lack of notice was not caused by defendants' avoidance or inexcusable neglect. Moreover, the declaration of counsel contained inadmissible hearsay and double-hearsay statements, and thus lacked proper foundation, i.e., personal knowledge, to establish the requisite showing required under section 473.5, subdivision (b). (See *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 796 [69 Cal.Rptr.2d 457].) The declaration of defendants' investigator had no bearing on the issue of inexcusable neglect or avoidance of service. ■ Absent a proper affidavit or declaration that the defendants' lack of actual notice was not caused by inexcusable neglect or avoidance of service, the trial court properly denied the defendants' motion. There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed. Plaintiffs are awarded costs on appeal.

Nares, Acting P. J., and Aaron, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 11, 2004.