Filed 1/24/14  Weseloh v. Samaniego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN WESELOH III,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL SAMANIEGO,<br><br>    Defendant and Appellant. | D063474<br><br><br><br>(Super. Ct. No. 37-2011-00085513-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Daniel Samaniego, in pro. per., for Defendant and Appellant.

Anthony F. Pantoni for Plaintiff and Respondent.

Daniel Samaniego appeals from a default judgment entered against him in the lawsuit brought against him by Joseph John Weseloh III.  We conclude that Samaniego's appeal is without merit, and we accordingly affirm the judgment.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2011, Weseloh filed a lawsuit alleging that Samaniego committed a battery upon Weseloh during an altercation at a party, breaking Weseloh's leg in two places.

Samaniego was served with the complaint on February 17, 2011. Samaniego did not file an answer to the complaint, and on March 2, 2012, Weseloh obtained entry of default. Weseloh then applied for a default judgment, which the trial court granted on May 25, 2012, in the amount of $300,479.

Representing himself in propria persona, Samaniego filed a motion to set aside the default judgment on June 26, 2012, arguing that relief was warranted pursuant to Code of Civil Procedure section 473, subdivision (b)[1] on the grounds of mistake, inadvertence, surprise or excusable neglect. Samaniego stated that he first attempted to file an answer in October 2011, but his filing was rejected because he did not pay the filing fee.[2] Samaniego further stated that after being advised by the trial court at a hearing on February 3, 2012, that he must file an answer within 30 days to avoid a default, he attempted to file an answer more than 30 days later on March 8, 2012, but that filing was rejected because default had already been entered on March 2, 2012.

---

[1]    Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]    Although Samaniego stated in his motion for relief from default that he attempted to file an answer in October 2011, which was rejected for lack of a filing fee, the record shows that the attempted filing occurred in April 2011.

Weseloh opposed the motion to set aside the default judgment, arguing that based on statements Samaniego made to Weseloh's attorney and discussions he had with the trial court at previous hearings, Samaniego was aware that he was required to file an answer and intentionally delayed.

On August 10, 2012, the trial court granted the motion to set aside the default judgment. The trial court's minute order stated, "The proposed answer submitted with the motion is deemed filed and served the date of this ruling." Pursuant to the trial court's ruling, the clerk of the court filed Samaniego's answer on August 10, 2012.

To recover the fees incurred in connection with the default judgment, Weseloh filed a motion for attorney fees in the amount of $5,400 pursuant to section 473, subdivision (b), which provides that the trial court may grant relief from a default judgment "upon any terms that may be just." (*Ibid*.)

After considering the motion for attorney fees, the trial court requested that the parties provide supplemental briefing on the issue of whether it was appropriate for the court to consider Samaniego's financial condition. In his supplemental briefing, Samaniego made a statement that called into question whether the trial court improperly granted him relief from the default judgment. Specifically, Samaniego stated that attorney fees should not be awarded under section 473, subdivision (b) because "[t]he Court did not grant my motion to vacate the Default Judgment against me under 473(b)[,]" but instead relief was granted pursuant to case law purportedly establishing that "the law favors disposing of cases on their merits." In support of this argument,

3

Samaniego asserted that "[m]y default was not the result of 'mistake inadvertence, surprise or excusable neglect.' "

Responding to Samaniego's supplemental briefing, Weseloh argued that based on Samaniego's admission that relief from default was not proper under section 473, subdivision (b), "the Court should, on its own motion, reconsider the prior ruling and reinstate the Default Judgment."

Agreeing with Weseloh, the trial court issued an order stating that "on its own motion the Court believes it should reconsider its earlier order setting aside the default and default judgment," and it set a hearing date and a briefing schedule to determine whether to reconsider its ruling. In Weseloh's briefing, he once again pointed out that (1) the trial court had twice explained to Samaniego in open court that he needed to file an answer to avoid a default; and (2) as early as May 2011, Samaniego left a telephone message for Weseloh's attorney stating, "I'm not gonna file a response. If you wanna get a judgment, that's fine."

After reviewing the parties' briefing, the trial court concluded on December 14, 2012, that it would reconsider the ruling granting relief from the default judgment. Upon reconsideration, the trial court ruled that "the motion to set aside default and default judgment should be denied as [Samaniego] failed to satisfy the requirements of relief pursuant to [section] 473. [¶] . . . [T]he Court reinstates the default and default judgment previously entered against [Samaniego] on March 2, 2012, and May 25, 2012, respectively."

4

Samaniego filed a notice of appeal from the default judgment, challenging the trial court's denial of the motion to vacate the default judgment pursuant to section 473.

II

DISCUSSION

A.    *Standard of Review*

" 'A motion to vacate a default and set aside [a] judgment (§ 473) "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal." ' [Citations.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319.)

B.    *The Trial Court Had Authority to Reconsider Its Ruling Despite the Fact That It Had Previously Ordered Samaniego's Answer To Be Filed*

Samaniego's first contention is that because the trial court deemed his answer filed in August 2012, there was an answer on file as of December 14, 2012, when the trial court reconsidered its ruling granting relief from the default and default judgment. Samaniego contends that it was therefore improper for the trial court to deny relief from default with an answer already on file. Arguing that the existence of a filed answer required the trial court to grant relief from default, Samaniego relies on Code of Civil Procedure section 585, subdivision (a), which states that entry of default and thereafter default judgment may be had if "no answer . . . has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed." (*Ibid*.) As we will explain, Samaniego's argument fails.

5

The fundamental flaw in Samaniego's argument is that as a necessary part of reconsidering its August 10, 2012 ruling granting relief from default and default judgment, the trial court also reconsidered its decision to allow Samaniego to file an answer. The parties do not dispute that the trial court had the inherent authority, on its own motion, to reconsider its ruling granting relief from default and default judgment. (See *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1108 [discussing a trial court's authority to reconsider a ruling on its own motion].) Part of the trial court's August 10, 2012 ruling granting relief from default and default judgment, was to deem Samaniego's answer to be filed as of that date. When the trial court's ruling granting relief from default was vacated and reconsidered, so was the permission to file an answer.

Therefore, in reconsidering its August 10, 2012 ruling, the trial court was *not* faced with a situation in which an answer was already on file, and there is accordingly no merit to Samaniego's contention that the trial court should have granted relief from default and default judgment because he had *already* answered the complaint.

C.      *The Trial Court Did Not Abuse Its Discretion*

Next, Samaniego argues that the trial court abused its discretion in refusing to grant relief from default judgment. Although Samaniego's argument is not well developed, he appears to contend that the trial court should have granted him relief based on the policy in favor of resolving disputes on the merits.

The trial court did not abuse its discretion. Although "the law strongly favors trial and disposition on the merits" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419),

6

the fundamental requirement for relief from default and default judgment under section 473, subdivision (b) is a showing of "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. b).) "Where ' "a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion." ' " (*Huh*, at p. 1423.)

Based on the facts in the record, the trial court properly determined that it could not grant relief because the statutory prerequisites were not present. Samaniego did not establish mistake, inadvertence, surprise or excusable neglect because Samaniego's conversations with opposing counsel and with the trial court show that he *knew* he was required to file an answer to avoid a default judgment, and he simply *chose not to* follow the requirements. Indeed, Samaniego's most recent chance to comply with the procedural requirements was after a court hearing on February 3, 2012, at which the trial court clearly informed Samaniego that default could be entered in 30 days if he failed to file an answer. Despite this warning, Samaniego delayed *more than* 30 days in attempting to file an answer, at which time default had already been entered. Samaniego presented no evidence that his delay in filing an answer, including delaying more than 30 days from February 3, 2012, after he was warned by the trial court, was based on mistake, inadvertence, surprise or excusable neglect.

Therefore, under the circumstances, the trial court was well within its discretion to deny Samaniego's motion for relief from entry of default and default judgment.

7

DISPOSITION

The judgment is affirmed.

_____

IRION, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

NARES, J.

8