Filed 2/13/14  Butz Dunn & Desantis v. Dierickx CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BUTZ DUNN & DESANTIS, | D062308 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2010-00084953-CU-BC-CTL) |
| ANNE L. DIERICKX, | |
| Defendant and Appellant. | |

APPEAL from a judgment and postjudgment order of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Dismissed in part, affirmed in part.

Raymond D. Mortier for the Defendant and Appellant.

Butz Dunn & Desantis and  Douglas M. Butz, Bradley A. Lebow, David D. Cardone and James W. Hodges for Plaintiff and Respondent.

After plaintiff and respondent Butz Dunn & Desantis, APC (law firm) obtained a default judgment against its former client, defendant and appellant Annie L. Dierickx,

Dierickx unsuccessfully moved to vacate the judgment and quash service of the summons and complaint. She has filed the present appeal, challenging her notice of the lawsuit and the effectiveness of law firm's service of the summons and complaint. We dismiss as untimely Dierickx's purported appeal from the default judgment. We otherwise affirm the postjudgment order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2010, law firm sued Dierickx for breach of contract and account stated to collect for legal services it had rendered to her. After law firm made several attempts at personally serving Dierickx, it effected substitute service on March 10, 2010, upon a person, "Jane Doe," at a business, Café 976, LLC, located at 976 Felspar Street. In April 2010, the superior court clerk entered default, and on July 8, 2010, law firm obtained a $75,266 default judgment against Dierickx. Law firm mailed copies of the default judgment to the Felspar address and a residence at 1311 Diamond Street. Thereafter, law firm recorded an abstract of judgment and mailed it to the Felspar and Diamond Street addresses.

On April 12, 2012, Dierickx moved to vacate the default under Code of Civil Procedure[1] section 473.5 and jointly to quash service of law firm's summons and complaint. Dierickx claimed she had never received a copy of the summons and complaint, but only became aware of it in December 2011, not as a result of deliberate avoidance or inexcusable neglect. According to Dierickx, she was out of the country

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise specified.

from March 8, 2010, through at least May 10, 2010, and the substituted service on Jane Doe at the Felspar address was "not specific and unverifiable on its face . . . ." In a sworn declaration, Dierickx stated she travelled extensively and, but for an 8-hour period in April 2010, was out of San Diego and out of the country much of that time from March 10, 2010, through May 15, 2010; had never received the summons and complaint; that the business on Felspar street was merely an "investment"; and that the Felspar business was not, and she never considered it, her "normal" place of business.[2]

Dierickx also submitted a declaration from her counsel, Raymond Mortier, who averred that he had received the summons and complaint in an unopened envelope on or about December 19, 2011, learned of the July 2011 default judgment against Dierickx, and scheduled the motion to vacate the judgment for the next available court date in March 2012, which was then continued to May 2012. Attorney Mortier averred on "information and belief that . . . Dierickx was not aware of the Complaint or the Default Judgment until I discussed it with her on or about December 18, 2012."

Law firm opposed the motion, responding that it had properly effected substitute service on Café 976 because Dierickx had admitted in various pleadings that she was a 50

---

[2] The substantive entirety of Dierickx's declaration reads as follows, paragraph numbering omitted: "I have never received a summons or complaint from the above captioned case. [¶] I travel extensively. I am frequently out of the country. Specifically I was out of San Diego for the period from March 10, 2010[,] through May 15, 2010, much of the time spent out of the country. During this period there was one day in April 2010 that I was in San Diego for an 8 hour period. [¶] Café 976, LLC is an investment. Café 976 is located at 976 Felspar Street, San Diego, CA 92109. This address is not my normal place of business and has never been considered my normal place of business. [¶] I am currently not in the State of California."

3

percent owner of that business, which she managed and operated. It further argued her motion to vacate the judgment was untimely and procedurally defective. Specifically, it argued Dierickx's motion was not filed within six months after either the entry of default or the entry of the default judgment as required by section 473, subdivision (b). It also argued Dierickx could not rely on section 473.5, which required her to seek relief at the earlier of two years from the default judgment or 180 days after service of written notice that the judgment had been entered. Law firm stated it had mailed Dierickx copies of the default judgment on July 14, 2010, and therefore the 180-day period applied and had lapsed before Dierickx filed her motion in April 2012. Finally, law firm argued Dierickx had not presented competent evidence that she lacked notice of the proceedings in time to defend, and thus could not meet the substantive criteria of section 473.5. It asked the trial court to take judicial notice under Evidence Code section 452, subdivision (d)(1) of various court documents from prior unrelated litigation involving Dierickx including Dierickx's declarations stating she was a 50 percent owner of Café 976, an excerpt from a magazine identifying Dierickx as the owner of Café 976, and Dierickx's state bar record.

On May 4, 2012, following oral argument on the matter, the trial court denied Dierickx's motion, ruling it untimely under section 473.5 as it was not filed within 180 days from July 14, 2010, the date the default judgment was served on Dierickx at her residence and work addresses. In reaching its ruling, the trial court expressly found Dierickx's declaration not credible "based on all the other evidence and the surrounding circumstances." Law firm served notice of the order on May 8, 2012.

4

On July 3, 2012, Dierickx filed a notice of appeal indicating she was appealing both the July 8, 2010 default judgment and the May 4, 2012 postjudgment order denying her motion to vacate that judgment.

DISCUSSION

I. *Dierickx's Purported Appeal from the Default Judgment is Untimely*

We dismiss Dierickx's purported appeal from the default judgment. A notice of appeal generally must be filed within the earliest of 60 days after service of notice of entry of judgment or a file stamped copy of the judgment, or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a).) The default judgment was entered on July 8, 2010, and Dierickx did not file her notice of appeal in this matter until July 3, 2012, after almost two years had passed, much later than the outer 180-day deadline. Although courts have held the time to appeal a judgment may be extended by a motion to set aside a default judgment (see *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1136), Dierickx provides no authority for the proposition that the deadline can be extended beyond the 180-day-limit. Therefore, Dierickx's purported appeal from the default judgment is untimely, and we have no jurisdiction to consider it. (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 330; *Shapiro*, at p. 1137.)

II. *Dierickx's Appeal from the Postjudgment Order Denying Her Motion to Vacate the Default Judgment*

Dierickx's viable appeal is from the trial court's May 4, 2012 order denying her joint motion under section 473.5 to quash service and vacate the default judgment. (See 418.10, subd. (d) [motion to quash may be joined with motion to set aside a default

5

judgment under section 473 or 473.5].)  " ' "While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under Code of Civil Procedure section 904.1, subdivision [(a)(2)]." ' "  (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008.)

Dierickx contends that because she never received the summons and complaint, and service otherwise was ineffective, she lacked actual notice of the lawsuit and was unable to defend it, and thus we should void or vacate the default judgment.  She further argues that her motion was timely brought because it was filed within two years after entry of the judgment pursuant to section 473.5.

Section 473.5, subdivision (a) provides:  "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action.  The notice of motion shall be served and filed within a reasonable time, *but in no event exceeding the earlier of*: (i) two years after entry of a default judgment against him or her; or (ii) *180 days after service on him or her of a written notice that the default or default judgment has been entered*."  (Italics added.)  We review an order denying a section 473.5 motion to set aside a default for abuse of discretion.  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.)  " 'A motion to vacate a default and set aside [a] judgment (§ 473) "is addressed to the sound discretion of the trial court, and in the

6

absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal." ' [Citation.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319; see *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496.)

In view of the above-summarized timing requirements for a motion brought under section 473.5, Dierickx's contentions are readily disposed of on the settled appellate principle that a decision under review is presumed correct (*In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8), even on matters where the record is silent. (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1362.) The appellant must affirmatively show error. (*Cates v. California Gaming Control Com.* (2007) 154 Cal.App.4th 1302, 1312.)

Here, the critical issue is whether, and when, Dierickx was served with a copy of the default judgment. Law firm submitted a sworn declaration from Douglas Butz that on July 14, 2010, law firm served a copy of the default judgment on Dierickx's residence address at 1311 Diamond Street. Dierickx did not dispute that particular assertion in the trial court, nor does she on appeal. That is, while Dierickx vigorously challenges the effectiveness of service of the summons and complaint on the business at 976 Felspar Street, she does not point to any evidence countering the fact that 1311 Diamond Street address is her residence, or that law firm served a copy of the default judgment upon her at that address. Nor does Dierickx argue that service of the default judgment itself does not constitute written notice of its entry within the meaning of section 473.5. The trial

7

court plainly concluded, implicitly if not expressly, that law firm's July 14, 2010 service was effective and triggered the 180-day-period within which Dierickx was required to file her motion to vacate the default judgment. In short, Dierickx has not shown the trial court manifestly abused its discretion in denying her motion as untimely. Having reached this conclusion, we need not consider the sufficiency of law firm's service at the Felspar Street business. We accordingly deny law firm's request that we judicially notice various court pleadings and other documents purporting to show Café 976 at 976 Felspar Street was Dierickx's usual place of business as either irrelevant or unnecessary to our resolution of the issues raised on appeal. (Accord, *Coastside Fishing Club v. California Fish and Game Commission* (2013) 215 Cal.App.4th 397, 429.)

Even if the trial court had not so ruled, it had further reason to deny Dierickx's motion as procedurally insufficient to grant relief under section 473.5. In particular, as law firm pointed out both in its opposition to Dierickx's motion and on appeal, the statute requires the moving party to file "a copy of the answer, motion or other pleading proposed to be filed in the action" with the notice of motion. (§ 473.5, subd. (b).) Though the trial court did not address law firm's arguments in its order, we nevertheless indulge all presumptions and conclude the court acted well within its discretion to rule against Dierickx because of her failure to meet the statute's procedural requirements. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861-862 [court did not abuse its discretion in denying motion to set aside default judgment on the basis of section 473.5 when party failed to submit an answer, motion or other pleading when he moved to set

8

aside the default]; accord, *Blankenship v. Allstate Ins. Co.* (2010) 186 Cal.App.4th 87, 104-105.)

### III. *Dierickx's Challenge to Service of Process*

In the conclusion section of her opening appellate brief, Dierickx argues the default judgment was "improperly entered as a result of improper service," and on that basis asks that the default judgment be voided or vacated in this court's discretion.[3]

Interpreting this as a challenge under section 473, subdivision (d), under which the court may set aside any void judgment or order for lack of proper service, we reject it for the same reasons expressed above. Where a party moves under section 473, subdivision (d) to set aside a judgment that is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment provided by section 473.5. (*Trackman v. Kenney*, *supra*, 187 Cal.App.4th at p. 180.) Because Dierickx did not meet the statutory requirements for timely filing her motion, she is not entitled to relief under section 473, subdivision (d).

---

[3] Dierickx does not contend the judgment is void on its face, a claim that is not subject to any time limit for bringing the motion. (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 181.) Such a claim does not hinge on evidence; the invalidity appears on the face of the record, including the proof of service. (*Ibid*; see also *Cruz v. Fagor America, Inc.*, *supra*, 146 Cal.App.4th at p. 496.) Dierickx's claims depend on evidence, and she so concedes in her brief when she asserts she "has provided sufficient evidence to question the validity of the Service of Summons and Complaint . . . ."

DISPOSITION

Dierickx's purported appeal from the default judgment is dismissed.  The postjudgment order is affirmed.  Butz Dunn & DeSantis shall recover its costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.

10