Filed 7/10/14  Bank of America v. Copeland CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BANK OF AMERICA, N.A., | B247996 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC433486) |
| v. | |
| BRUCE DWAIN COPELAND, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Bruce Dwain Copeland, in pro. per., for Defendant and Appellant.

Garrett & Tully and Tomas A. Ortiz for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Bruce Dwain Copeland appeals the trial court's denial of his motion to set aside default judgment, which was entered in favor of Plaintiff-in-intervention Bank of America N.A. (Bank of America), successor by merger to BAC Home Loans Servicing LP formerly known as Countrywide Home Loans Servicing LP. Copeland filed one answer in this case, which was stricken by the trial court for lack of standing. Copeland failed to file any other responsive pleading. We affirm the court's denial of the motion to set aside because Bank of America adhered to Code of Civil Procedure[1] section 587 in requesting default and Copeland fails to satisfy Code of Civil Procedure 473.5 to set aside the default.

## FACTS AND PROCEDURAL BACKGROUND

Copeland filed for Chapter 11 bankruptcy. While his bankruptcy case was pending, Countrywide Home Loans made a loan to Copeland and his wife, secured by a deed of trust against the property at issue in this case. Copeland's wife subsequently purchased the property from the bankruptcy estate and then transferred the property to R&R Real Estate Trust, Inc.

In March of 2010, Marc Shapiro, one of Copeland's judgment lien creditors, sued Copeland and R&R Real Estate for fraudulent transfer, seeking to unwind the transfer so that the property could be sold to satisfy Shapiro's judgment lien. When Copeland failed to respond to Shapiro's complaint, Shapiro requested and was granted default judgment against Copeland in September 2010. In June 2011, Bank of America intervened in the lawsuit, seeking declaratory relief and to quiet title regarding the priority of its deed of trust amongst other liens.

---

[1] All further statutory references will be to the Code of Civil Procedure.

Copeland filed an answer on October 26, 2011, although it is uncertain which complaint he sought to answer. In response, Shapiro moved to strike Copeland's answer. The court reasoned that Copeland lacked standing to file an answer, and struck the answer in its entirety for all purposes. Copeland never filed any other responsive pleading.

Per Bank of America's request, the court entered default against Copeland as to the complaint-in-intervention on March 13, 2012. In January 2013, following an evidentiary hearing on the priority of interests, the court entered judgment against Copeland and the other Defendants, finding that Bank of America's deed of trust was in first lien position.

A month later, Copeland moved to set aside the default, arguing that he had filed a valid answer, satisfied Code of Civil Procedure sections 473.5 and 475, and was never served with Bank of America's request for default. Copeland's brief did not address the court's order striking the only responsive pleading that he had filed in this case. The court issued an amended judgment affirming its prior ruling in favor of Bank of America's first lien position.

## DISCUSSION

Copeland contends that his motion to set aside should have been granted because he filed a timely answer, satisfied the requirements of Code of Civil Procedure sections 473.5 and 475, and he was never served with Bank of America's application for default. We review the trial court's denial of the motion to set aside the default for abuse of discretion, meaning we evaluate "whether the trial court exceeded the bounds of reason." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319 (*Anastos*).) "[I]n the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal." (*Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619-620, quoting *City Bank of San Diego v. Ramage* (1968) 266 Cal.App.2d 570, 579.) Copeland bears the burden of showing there was an abuse of discretion. (*H. A. Pulaski, Inc. v. Abbey Contractor Specialties, Inc.* (1969) 268 Cal.App.2d 883, 886.)

First, Copeland asserts that there is no evidence of default because he filed a timely answer in October 2011. Yet, the trial court subsequently struck the answer for all intended purposes because Copeland lacked standing. Copeland does not appeal the order striking his answer, and he failed to file any other responsive pleadings. Thus, Copeland never responded to Bank of America's complaint despite his admission that he was served with a copy of the complaint on October 1, 2011. In his opening and reply briefs, Copeland fails to address the issue of the stricken answer raised by Bank of America both on appeal and before the trial court. Absent a valid answer, the trial court properly entered default.

Second, Copeland asserts that default should be set aside under Code of Civil Procedure section 473.5. Section 473.5 provides the court discretion to set aside the default "based upon a lack of actual notice . . . where a valid service of summons has not resulted in actual notice to a party in time to defend the action." (*Anastos, supra,* 118 Cal.App.4th at pp. 1318-1319.) "A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service." (*Ibid.*)

Here, Copeland failed to present any evidence as to how he lacked actual notice of Bank of America's complaint, and he expressly admitted to being served with the pleading. After the court granted the motion to strike, Copeland could have filed a new answer to Bank of America's complaint to avoid default. Copeland never argued inexcusable neglect for failing to file another answer. Under these facts, Code of Civil Procedure section 473.5 affords Copeland no relief.

Copeland also asserts that he was not served with the request for entry of default. Code of Civil Procedure section 587 requires an application for entry of default to "include an affidavit stating that a copy of the application has been mailed to the defendant's attorney of record or, if none, to the defendant at his or her last known address and the date on which the copy was mailed." Copeland made bare assertions in his motion to set aside the default that Bank of America failed to serve him with the request for entry of default, without providing any evidence to support such contentions.

4

In contrast, Bank of America produced a copy of the request for entry of default and proof of service showing that it sent Copeland the document by both mail and electronic transmission. As the evidence indicates that Bank of America complied with section 587 and provided Copeland with notice, we conclude that the trial court did not exceed the bounds of reason when refusing to set aside the default on this basis.

Lastly, to the extent that Copeland relies on section 475, we conclude that the statute is inapposite. Section 475 states that the trial court must "disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties." Section 475 also prohibits reversing a court's decision by reason of an error unless the error was prejudicial. Since we have determined there was no error, this statute is inapplicable.

Because Copeland's answer was stricken by the court, Copeland did not file a responsive pleading thereafter despite his actual notice of the complaint-in-intervention, and evidence shows that Bank of America provided notice of its request for default, we conclude that the trial court did not abuse its discretion in denying Copeland's motion to set aside the default.

## DISPOSITION

The judgment is affirmed.  In the interest of justice, Plaintiff Bank of America, N.A. is awarded its costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, J.

We concur:



KLEIN, P. J.



CROSKEY, J.