Filed 5/19/15  Sylvester v. Marshall CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES H. SYLVESTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MEARL L. MARSHALL et al.,<br><br>    Defendants and Respondents. | B251626<br><br>(Los Angeles County<br>Super. Ct. No. SC116848) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

James H. Sylvester, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff and appellant James Sylvester obtained a default judgment against defendants Mearl and Naseem Marshall, after they failed to respond to the summons and complaint. The Marshalls moved to quash service of the summons and to set aside the default judgment, on the grounds they were never served and did not have actual notice of the action. The trial court granted the motion. Sylvester appeals from the order granting the Marshalls' motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2012, Sylvester sued the Marshalls for breach of contract, seeking repayment of two loans. Sylvester filed proofs of service of the summons and complaint. When the Marshalls didn't respond to the summons and complaint, their default was entered. Default judgment was eventually entered against the Marshalls on October 17, 2012, in the amount of $248,578. The minute order stating that judgment was entered was mailed only to Sylvester, but Sylvester filed a proof of service of the judgment on the Marshalls.

On August 22, 2013, the Marshalls moved to quash service of the summons and complaint and to set aside the default judgment. The Marshalls asserted that the proofs of service Sylvester filed were fraudulent. The Marshalls were at church when the summons and complaint were allegedly personally served at 7:00 p.m. on May 1, 2012. They did not receive the request for entry of default and statement of damages. The Marshalls first "discovered" this action on April 21, 2013, when they received an abstract of judgment from the county recorder's office. To support their motion, the Marshalls also submitted their attorney, Gerard Fierro's, declaration. Fierro had represented Sylvester's ex-wife, Mumtaz Chunara, in her divorce action against Sylvester.[1] In that action, Sylvester filed motions that Fierro never received. Sylvester also presented a settlement agreement allegedly signed by Pedram Mansouri, Chunara's former attorney.

---

[1]     Sylvester was declared a vexatious litigant in his divorce action. Sylvester apparently filed two other actions against the Marshalls.

Mansouri, however, denied signing the agreement or appearing before a notary public as indicated on the agreement. The notary public declared that she did not notarize the agreement and that Mansouri and Sylvester did not appear in front of her.

The hearing on the Marshalls' motion was scheduled for September 13, 2013. Two days before the hearing, Sylvester filed an untimely opposition.[2] The trial court did not consider the opposition, because it was not in the court's file. Sylvester asserted, among other things, that the proofs of service were "genuine," and he submitted letters from process servers Lue Wahjudi and Linda Becerra indicating that the proofs of service were genuine.

On September 13, 2013, the trial court, Judge Richard A. Stone, granted the motion to quash and to set aside the judgment. The court found, among other things, that "[e]vidence has been proffered that suggests something untoward may have occurred regarding the proof of service" and that the Marshalls promptly moved to set aside the judgment upon receiving notice of it. Citing the " 'strong policy of hearing cases on their merits,' " the court granted the motion to quash and to set aside the default and default judgment, under Code of Civil Procedure sections 418.10 and 473.5.[3]

Sylvester filed this timely appeal. (§ 904.1, subd. (a)(3).)

---

[2]    Sylvester also filed, on September 9, 2013, a request to continue the hearing on the motion to quash on the grounds he was ill and had not received the moving papers.

[3]    All further undesignated statutory references are to the Code of Civil Procedure.

## DISCUSSION

The gist of Sylvester's appeal is the trial court erred by granting the motion to quash service of the summons and complaint and to set aside the judgment, under sections 418.10[4] and 473.5[5]. We disagree.

In the absence of valid service, a court lacks jurisdiction over defendants. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1439-1440; §§ 410.50 [summons may be served by personal delivery], 418.10, subd. (a)(1).) When a defendant moves to quash service, the plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. (*Dill,* at p. 1440; see *School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1131; *Paneno v. Centres for Academic Programmes Abroad Ltd.* (2004) 118 Cal.App.4th 1447, 1454 [plaintiff can meet this burden "only by the presentation of competent evidence in affidavits or declarations and authenticated documentary evidence"].) The plaintiff must prove "the facts requisite to an effective service." (*Dill*, at p. 1440.) Where there is conflicting evidence, we will not disturb the trial court's factual determinations if supported by substantial evidence. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449; *Paneno,* at p. 1454.) Where there is no conflict in evidence, the question is one of law, subject to independent review. (*Vons Companies, Inc.*, at p. 449.)

---

[4] "(a) A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: [¶] (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her." (§ 418.10, subd. (a).)

[5] "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).)

4

A motion for relief under section 473.5 is reviewed for an abuse of discretion. (*Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 898 [doubts should be resolved in favor of an application to set aside a default]; see *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) "A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319.)

Here, Sylvester did not meet any initial burden he had of establishing jurisdiction over the Marshalls. Sylvester filed his opposition to the Marshalls' motion a mere two days before the hearing on the motion. The court therefore did not have the opposition in its file. The court was well within its discretion to refuse to consider the late opposition. (Cal. Rules of Court, rule 3.1300(d) [court may refuse to consider a late filed paper]; *Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138, 1146.) Moreover, Sylvester appeared at the hearing on the motion to quash, but the proceeding was unreported. Sylvester has not submitted any record of that proceeding in the form of a settled or agreed statement. (Cal. Rules of Court, rules 8.120(b), 8.134, 8.137.) Sylvester, as the appellant, had a duty to provide an adequate record to demonstrate error. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1; *Rossiter v. Benoit* (1979) 88 Cal.App.3d.706, 712, overruled on another ground by *Wilson v. Garcia* (1985) 471 U.S. 261.) To the extent the record here precludes an adequate review of, for example, what, if any, objections to the motion the trial court considered at the hearing, we make all reasonable inferences in favor of the order. (*Rossiter*, at p. 712.)[6]

The evidence that was before the trial court supports its finding that "something untoward may have occurred regarding the proof of service." (See, e.g., *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 391-392 [where a process

---

[6] Sylvester's opening brief on appeal also contains no citations to legal authority. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

5

server untruthfully declares that he personally served the defendant, even undisputed actual notice to defendant "cannot suffice to uphold jurisdiction of the court"].) Here, the proof of service of the summons and complaint on Naseem Marshall states that "Lue Wahjudi" "personally delivered the documents . . . to the party or person authorized to receive service of process" on May 1, 2012, at 7:00 p.m., at the Marshalls' home on Bledsoe. The "Notice to the Person Served" was completed by checking "as an individual defendant." Both of the Marshalls, however, denied being home at that time and denied being served. The Marshalls also said they never received either the request for entry of default, which was allegedly served on June 5, 2012, or the statement of damages, which was allegedly served on June 28, 2012. Rather, they first discovered this action on April 21, 2013, when they received an abstract of judgment.

To substantiate the Marshalls' claim they were never served with the summons and complaint, their attorney contacted process server Lue Wahjudi, who said he never used the address listed as his on the proofs of service; did not recall a client named Sylvester; and did not recall serving a husband and wife at the Marshalls' address.[7] The proofs of service also contain an inconsistency: the proofs of service of the summons state that Wahjudi's registration number is "5964," but the proof of service of the statement of damages states that Wahjudi's registration number is "4964." Fierro also tried to locate Linda Becerra, who allegedy served the request for entry of default. He called the phone number associated with her business address listed in the proof of service and was told that no person named Linda Becerra had ever worked there.

In addition to evidence that the proofs of service in this case were inaccurate, there was evidence Sylvester filed false documents in other cases. In his divorce action, Sylvester presented a written agreement purportedly signed by Mansouri, the attorney representing Sylvester's ex-wife. But Mansouri denied signing the agreement. The

---

[7]    The record does not show that proper objections to any evidence submitted in support of the motion to quash were raised.

notary public before whom the agreement was allegedly executed denied notarizing the acknowledgment forms.

This evidence is sufficient to support the trial court's conclusion that the Marshalls were not served and did not have actual notice of the action. Neither an insufficiency of the evidence nor an abuse of discretion has therefore been demonstrated that would justify reversing the court's order.

One final note: to the extent Sylvester raises a claim that Judge Richard A. Stone was biased and that the matter should have been assigned to Judge Norman Tarle, the claim is meritless. Nothing in the record casts doubt on Judge Stone's impartiality. (See *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1328 ["the mere fact a judicial officer rules against a party does not show bias"].)

**DISPOSITION**

The order is affirmed. No appearance having been made by respondents, no costs on appeal are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

KITCHING, J.