[No. A068089. First Dist., Div. Four. Oct. 6, 1995.]

RICHARD GEBERS et al., Plaintiffs and Appellants, v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant and
Respondent.

## COUNSEL

Diaz & Gebers and Michael D. Gebers for Plaintiffs and Appellants.

Caulfield, Davies & Donahue, James R. Donahue and Diane E. Lockareff for Defendant and Respondent.

## OPINION

**POCHÉ, J.**—Insurance Code section 2071 requires that all fire insurance policies include a provision requiring disputes as to the amount of a loss to

be arbitrated by a panel composed of "disinterested" appraisers selected by the insurer and the insured. State Farm General Insurance Company instead placed in its policy a provision describing the party-designated appraisers not as "disinterested" but as "independent." On the basis of this changed language State Farm argues that it can select an appraiser who may be biased in the insurer's favor by reason of a pecuniary interest in an ongoing employment relationship with the insurer. We hold that such a result is impermissible in that the language of the policy must yield to the language of the statute requiring that the appraisers be disinterested.

BACKGROUND

The homeowners policy issued to plaintiffs Richard and Georganne Gebers by State Farm had a provision specifying that a dispute as to the amount of a loss would be resolved by a process akin to arbitration: insured and insurer would each select an appraiser, the appraisers would select an "impartial umpire," and agreement by two of the three would fix the amount of the loss. If the appraisers could not agree on the umpire, one would be appointed by the court.

After plaintiffs' home was destroyed by fire, they claimed a loss of almost $800,000, a figure State Farm believed excessive. Both sides designated appraisers, but plaintiffs thought State Farm's appraiser was incompetent by reason of bias. Plaintiffs filed a "Petition to Compel Insurance Appraisal" asking the trial court to designate an umpire and to direct State Farm to select a different appraiser. The court appointed an umpire but declined to disqualify the appraiser selected by State Farm.

The arbitration panel unanimously determined that the amount of plaintiffs' loss was $433,000.

In accordance with Code of Civil Procedure section 1286.2, plaintiffs moved to vacate the award on various grounds amounting to: (1) bias by State Farm's appraiser and (2) errors of law committed by the panel, which thus exceeded its proper powers. State Farm filed a "Response to Petition to Vacate Appraisal Award, Request to Dismiss the Petition and Confirm the Award" disputing plaintiffs' claims. Asserting that the response was procedurally defective, plaintiffs moved that it be stricken.

Meanwhile, intending to gather proof that he was biased in State Farm's favor, plaintiff served on State Farm's appraiser a wide-ranging "Deposition Subpoena for Production of Documents" regarding his dealings with defendant. When he refused, plaintiffs moved to compel. State Farm countered with opposition to plaintiffs' motion and its own motion to quash the subpoena.

The trial court granted State Farm's motion to quash and denied plaintiff's motion to compel. Deeming their discovery request improper, the court imposed sanctions of $500 against plaintiffs. The court thereafter: (1) denied plaintiffs' motion to strike State Farm's response to their motion to vacate the award, (2) imposed further sanctions of $195 because this motion was frivolous, (3) denied plaintiffs' motion to vacate, (4) denied plaintiffs' request to present testimony in support of that motion, and (5) granted State Farm's motion to confirm the award. A combined statement of decision and judgment was then entered.

After the trial court denied their motions for a new trial and to set aside the judgment, plaintiffs filed a timely notice of appeal.[1]

## REVIEW

■ Since its substance was first enacted in 1909, Insurance Code section 2071 has directed that the standard form for fire insurance policies include an appraisal provision to settle disagreements concerning the amount of loss. Changes or variations to the standard form may not reduce the insurer's obligations. (Ins. Code, §§ 2070, 2079; *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31, 39 [307 P.2d 359]; 1 Ops.Cal.Atty.Gen. 458, 459-460 (1943).) The statutory standard form specifies that insurer and insured are each to select "a competent and disinterested appraiser" and that the umpire selected by these appraisers shall likewise be "competent and disinterested."[2] However, in the policy issued by defendant, this uniform language has been changed to characterize the appraisers as "competent, independent" and to describe the umpire as "competent, impartial."

---

[1] In addition to the judgment, plaintiffs' notice of appeal designates a number of orders which are not appealable (e.g., "the interlocutory orders relating to the petition to compel appraisal" and the orders denying their postjudgment motions), but which can be reviewed on appeal from the judgment. With the exception of the valid appeal from the judgment, all other purported appeals will be dismissed.

[2] "The following is adopted as the standard form of fire insurance policy for this state: [¶]
. . .

"Appraisal

"In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a *competent and disinterested appraiser* and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a *competent and disinterested* umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss [as] to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. . . ." (Ins. Code, § 2071.) (Italics added.)

*Figi* v. *New Hampshire Ins. Co.* (1980) 108 Cal.App.3d 772, 776-778 [166 Cal.Rptr. 774] is directly pertinent to our inquiry, and comes close to being dispositive. The problem there was that Stern, the supposedly disinterested umpire arbitrating a fire loss did not disclose that he was, at the time the arbitration was being conducted, doing other business with Walsh, the appraiser selected by the insurer. The trial court confirmed the arbitration award, but the Court of Appeal reversed. After noting that arbitrators are obliged to disclose significant or substantial relationships with the parties, the court distinguished the line of authority relied upon by defendant here with the observation that Insurance Code section 2071's mandate of disinterested appraisers "is not a requirement for arbitrators generally in other areas of law." (108 Cal.App.3d at pp. 775-776.) This statutory command, when joined with an insurer's duty of good faith and fair dealing towards its insured, means that appraisers are "held to a higher standard of impartiality than are arbitrators generally." (*Id.* at pp. 776-777.) These principles compelled the court to conclude that umpire Stern "cannot be described as 'disinterested' when he has done business with the insurance company's appraiser during the pendency of an appraisal involving that company. . . . [R]egardless of its significance, the business done between Stern and Walsh rendered Stern 'interested' as a matter of law and furnishes a basis for vacating the award under Insurance Code section 2071 and Code of Civil Procedure section 1286.2 read together." (*Id.* at pp. 777-778.)

*Figi* differs from this case in two particulars: (1) the claim of bias here is made against one of the party-selected appraisers, not the umpire, and (2) the claimed bias here is not the result of pecuniary links between the appraiser and another member of the arbitration panel, but between the appraiser and the insurer that appointed him. The first of these factors is immaterial; although the *Figi* court's focus was upon the umpire, its analysis applied to all members of an appraisal panel. (See *Figi* v. *New Hampshire Ins. Co.*, *supra*, 108 Cal.App.3d 772, 776-777.) The second factor is, if anything, even more favorable to plaintiffs here because the compromising tie runs directly from State Farm to its chosen appraiser.

When plaintiffs opposed confirmation of the award and sought to have it vacated they produced proof that, among other things, the appraiser selected by State Farm was currently retained by State Farm as an expert witness in two pending court actions. This ongoing litigation work is a direct pecuniary interest which casts considerable doubt on the appraiser's ability to act impartially. Plaintiffs' uncontradicted evidence on this point is more than ample to satisfy the "impression of possible bias" test. (*Betz* v. *Pankow* (1993) 16 Cal.App.4th 919, 924 [20 Cal.Rptr.2d 834] and decisions cited.) According to *Figi*, plaintiffs' proof establishes, as a matter of law, that State

Farm's appraiser was not "disinterested" as required by Insurance Code section 2071. (*Figi* v. *New Hampshire Ins. Co.*, *supra*, 108 Cal.App.3d 772, 777-778.) *Figi* does not stand alone; current or prospective financial dealings with a party are well recognized as grounds for an arbitrator's disqualification. (E.g., *Wheeler* v. *St. Joseph Hospital* (1976) 63 Cal.App.3d 345, 370-372 [133 Cal.Rptr. 775, 84 A.L.R.3d 343]; *Johnston* v. *Security Ins. Co.* (1970) 6 Cal.App.3d 839, 842-843 [86 Cal.Rptr. 133].)

State Farm cannot avoid this conclusion with a line of decisions upholding contracts establishing arbitration conducted by presumably biased representatives selected by the parties. (See *Tate* v. *Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843, 849-852 [265 Cal.Rptr. 440] and decisions cited.) The situation here is different because the Legislature made appraiser impartiality a statutory requirement. (*Figi* v. *New Hampshire Ins. Co.*, *supra*, 108 Cal.App.3d 772, 776.) State Farm is not permitted, by altering the language specified by Insurance Code section 2071, to dilute that guaranty. (E.g., *Wildman* v. *Government Employees' Ins. Co.*, *supra*, 48 Cal.2d 31, 39.)

An additional infirmity of equal magnitude to the compromised arbitrator is that the appraiser's current dealings with State Farm were not disclosed to plaintiffs.[3] This omission is equally lethal to the award. (E.g., *Kaiser Foundation Hospitals, Inc.* v. *Superior Court* (1993) 19 Cal.App.4th 513, 517 [23 Cal.Rptr.2d 431]; *Betz* v. *Pankow* (1993) 16 Cal.App.4th 931, 936 [20 Cal.Rptr.2d 841].)

These defects cannot be neutralized on the theory that, even if State Farm's appraiser is eliminated from consideration, the other members of the panel were competent to make the award. (See *Wheeler* v. *St. Joseph Hospital*, *supra*, 63 Cal.App.3d 345, 372.) An award must be vacated if "[t]here was corruption *in any of the arbitrators.*" (Code Civ. Proc., § 1286.2, subd. (b), italics added.) The presence of an interested appraiser requires that the judgment entered on the confirmed award must be reversed, and a new appraisal conducted.

In light of this conclusion it is unnecessary to address the additional contentions raised by the parties.

---

[3] At the time plaintiffs asked to have an umpire appointed and defendant's appraiser disqualified, the appraiser submitted a declaration in which he stated: "I have never been employed by an insurance company nor have I been under the control or direction of any insurance company. Other than the fee I charge for my time and expenses, I have no financial interest in the outcome of the subject appraisal. [¶] I have been appointed by [defendant] as their [*sic*] appraiser on no more than six appraisals. On one other occasion involving [defendant] I was chosen by two other appraisers as the neutral umpire. I have been involved with [defendant's counsel] as a designated appraiser in one other matter."

The judgment is reversed.[4] All other purported appeals are dismissed. Plaintiffs shall recover their costs of appeal.

Anderson, P. J., and Reardon, J., concurred.

A petition for a rehearing was denied November 3, 1995, and respondent's petition for review by the Supreme court was denied December 21, 1995.

---

[4]Our reversal extends to the two sanction orders (e.g., *Weisenburg* v. *Cragholm* (1971) 5 Cal.3d 892, 896 [97 Cal.Rptr. 862, 489 P.2d 1126]), which are also defective in that neither is accompanied by the statement of reasons required by Code of Civil Procedure section 128.5. (*Corcoran* v. *Arouh* (1994) 24 Cal.App.4th 310, 316 [29 Cal.Rptr.2d 326].)