**Kamran NASIRI, Plaintiff—Appellant,**

v.

**ALLSTATE INDEMNITY COMPANY, Defendant—Appellee.**

No. 00–17443.
D.C. No. CV–99–03942–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided July 3, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before REINHARDT and FISHER, Circuit Judges, and MOLLOY, District Judge.*

### MEMORANDUM**

Kamran Nasiri appeals the district court's denial of his motion to remand; the grant of summary judgment in Allstate's favor on Nasiri's bad faith, breach of contract, and punitive damages claims; and the denial of Nasiri's motion to alter or amend the judgment of the district court. The district court properly denied Nasiri's motion to remand and correctly granted summary judgment in Allstate's favor on Nasiri's breach of contract claim. We hold, however, that material issues of fact exist as to whether Allstate acted in bad faith and whether Nasiri may be entitled to punitive damages. Accordingly, the district court erred in granting summary judgment in Allstate's favor on Nasiri's bad faith and punitive damages claims. Because we are remanding for trial, we do not consider the district court's denial of Nasiri's motion to alter or amend judgment.

### I. Motion to Remand

■ The denial of a motion to remand implicates federal subject matter jurisdiction and is reviewed de novo. *ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality, Montana*, 213 F.3d 1108, 1111 (9th Cir.2000). The strong presumption against removal means the defendant must prove removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). If the complaint does not set forth a sum-certain amount of damages, the defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional requirement. *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 404 (1996).

In determining the amount in controversy, the court must consider the amount of actual and punitive damages. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). The court may also consider the amount of attorney's fees, if recoverable. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

---

* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1998). To determine whether subject matter jurisdiction exists, the court can consider extrinsic evidence. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987).

Nasiri asks us to adopt a literal interpretation of "at the time of removal," contending the amount of his claim at the time of removal was about $22,000. This includes approximately $20,000 for the value of the Voyager plus $2,160 in attorney's fees incurred by Nasiri at the time Allstate filed its notice of removal. Nasiri claims the punitive and emotional distress damages were valued at zero at the time the case was removed. The argument is without legal foundation.

Allstate contends the district court properly considered Allstate's reasonable estimate of the damages and attorney's fees likely to be incurred. It provided the district court with an itemized list of attorney's fees likely to be incurred based on its experience in similar cases, an estimated amount of $49,440. Additionally, it provided an estimate of punitive and emotional distress damages based on damage awards in similar cases. In similar bad faith cases, damages for emotional distress ranged between $32,000 and $245,000, while punitive damages ranged from $100,000 to well over $1,000,000.

Nasiri does not challenge Allstate's estimates. Rather, he argues only that damages must be determined at the time of removal. Because Nasiri had not been awarded anything at the time of removal, his punitive and emotional distress damages were zero.

Nasiri's interpretation is too restrictive and is not supported by the cases he cites. Damages are incurred at the time the harm occurs; they are only determined and awarded later. Thus, whatever amount of damages Nasiri may be entitled to, if any, relates back to the time of Allstate's alleged bad faith. Because no one can divine what a jury might ultimate-

ly award, reasonable estimates are acceptable. Allstate provided sufficient evidence to establish by a preponderance of the evidence that Nasiri's claim exceeded $75,000.

## II. Summary Judgment

The district court's grant of summary judgment is reviewed de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). We use the same standard of review employed by the trial court under Rule 56(c) of the Federal Rules of Civil Procedure. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir.1999). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether genuine issues of material fact exist and whether the district court correctly applied the relevant law. *Clicks Billiards*, 251 F.3d at 1257. We may not weigh the evidence, but must to determine only whether genuine issues of fact exist making a trial necessary. *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1221 (9th Cir.1999).

### A. Bad Faith Claim

■ Nasiri argues that the district court erred in granting summary judgment because material issues of fact exist as to whether Allstate acted in bad faith. He claims that Allstate admitted it was not investigating Nasiri for fraud. If so, Allstate could not withhold benefits after value and ownership of the Voyager were established. According to Nasiri, both the duty to pay and the amount owed were established by April 22, 1998, when Allstate received an appraisal from Western Appraisers establishing that the actual cash value of the Voyager exceeded $18,000. At the same time, Allstate was in constructive possession of DMV records showing Nasiri as the registered owner of the Voyager.

Allstate points to a number of discrepancies in Nasiri's story that were material to

its investigation and which it claims raise genuine issues about the legitimacy of Nasiri's claim. Allstate argues it had a duty to continue investigating the claim which justified its refusal to pay what was arguably owed. Consequently, Allstate takes the position that its eventual payment shows it was acting in good faith.

To establish bad faith under California law, a plaintiff must show benefits due under the policy were withheld and the insurer's reasons for withholding were unreasonable or without proper cause. *Guebara v. Allstate Insurance Company*, 237 F.3d 987, 992 (9th Cir.2001). Mere denial of a claim is not sufficient; rather, the denial must be unreasonable. *Id.* Unreasonable delay in paying a claim can give rise to bad faith; however, "[t]here can be no 'unreasonable delay' until the insurer receives adequate information to process the claim and reach an agreement with the insureds." *Globe Indemnity Co. v. Superior Court*, 6 Cal.App.4th 725, 730–31, 8 Cal.Rptr.2d 251 (1992).

Shortly after Nasiri filed his claim, Allstate stated that it was not conducting a fraud investigation; yet, it did not pay the claim, even after receiving information regarding the Voyager's value and Nasiri's ownership interest. The record contains evidence that would seem to justify the further investigation that Allstate did conduct. Nasiri was generally uncooperative with Allstate and continuously changed his story about what happened, who he was with, and how he purchased the Voyager. This may have given Allstate reason to continue to investigate the legitimacy of Nasiri's claim, including the ownership and actual value questions. What is not clear from the record is when Allstate became obligated to pay Nasiri's claim and whether Nasiri's questionable antics occurred after Allstate's obligation to pay arose. This leaves a genuine issue of fact as to whether Allstate acted in bad faith, thus precluding summary judgment as to that cause of action.

## B. Punitive Damages

■ Under California law, a plaintiff may recover punitive damages if he proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code. § 3294(a). Whether Allstate acted with malice or committed oppression or fraud is somewhat dependent on a determination of when Allstate was obligated to pay Nasiri's claim and whether Allstate acted in bad faith in refusing to pay the claim. Because material issues of fact exist as to whether Allstate acted in bad faith, we cannot say as a matter of law that Allstate did not act with malice, oppression or fraud. Therefore, summary judgment on Nasiri's punitive damages claim is not appropriate.

## C. Breach of Contract

The district court determined that Allstate did not breach its contract with Nasiri because Allstate promptly paid the claim after Nasiri provided requested information. Nasiri argues that Allstate breached the insurance contract because it did not fully pay the claim. Nasiri claims that Allstate initially valued the Voyager at over $18,000, but paid only $12,495. Allstate counters that the original appraisal did not take into account the loss of value due to the Voyager's salvage title. Nasiri claims the second appraisal is void because Western Appraisers was working as a consultant for Allstate at the time.

■ To support his argument, Nasiri cites California Insurance Code § 2071, *Gebers v. State Farm*, 38 Cal.App.4th 1648, 45 Cal.Rptr.2d 725 (1995), and *Hyland v. Millers National Insurance Co.*, 91 F.2d 735 (9th Cir.1937). However, the cases and statute deal with fire insurance poli-

cies, not auto policies. Further, Nasiri's complaint does not claim Allstate breached its contract by paying too little for the Voyager. Rather, Nasiri's complaint alleges Allstate breached its contract because it "denied coverage and will continue to [ ] deny coverage." Nasiri did not amend his complaint after Allstate paid the claim to allege breach of contract for paying less than the actual cash value, nor did Nasiri request another appraisal. We cannot consider for the first time a claim that was not raised in the district court. *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 887 (9th Cir.2002). Nasiri does not present any other arguments for our consideration regarding his contract claim. Therefore, the grant of summary judgment on the contract claim is affirmed. The parties are to bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.