**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA ENGER,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br>an Illinois Corporation; ALLSTATE<br>PROPERTY AND CASUALTY<br>COMPANY, an Illinois Corporation,<br><br>            Defendants - Appellees. | No. 09-17785<br><br>D.C. No. 2:09-cv-02618- GEB-<br>EFB<br><br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before:     COWEN,<sup>**</sup> TASHIMA, and SILVERMAN, Circuit Judges.

Plaintiff-Appellant Linda Enger appeals from the district court's dismissal of

her action for failure to state a claim upon which relief can be granted. Fed. R.

---

       <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       <sup>**</sup>    The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

Civ. P. 12(b)(6). The primary issue on appeal is whether Enger must complete the appraisal process set forth in her homeowners' insurance policy before bringing suit. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim and denial of leave to amend, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir. 2002). We affirm.

Enger's claims are based on allegations that defendants-appellees Allstate Insurance Company and Allstate Property and Casualty Company (together "Allstate") improperly undervalued her damaged personal property. Despite Enger's attempts to characterize her suit as raising issues of statutory interpretation warranting declaratory relief, the resolution of this appeal depends on whether the insurance policy's appraisal provision applies to the parties' dispute. This is a straightforward question of contract interpretation. *E.g., Laventhal v. Fidelity & Cas. Co. of N.Y.*, 98 P. 1075, 1076 (Cal. Ct. App. 1908) (stating that an insurance "policy is but a contract, and, like all other contracts, it must be construed from the language used"). "The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch.,*

2

*Inc.*, 900 P.2d 619, 627 (Cal. 1995). Where, as here, the language of the policy is "clear and explicit" and "does not involve an absurdity," it governs interpretation of the policy. Cal. Civ. Code § 1638.

Enger alleges that Allstate significantly undervalued her claim because it failed properly to calculate the "actual cash value" of the lost property, as that term is defined by Cal. Ins. Code § 2051. Among other things, she seeks additional payment to compensate her for her property loss. In the words of the insurance policy's appraisal provision (which is taken from the statutory standard form, Cal. Ins. Code § 2071(a)), she and Allstate have "fail[ed] to agree as to the actual cash value or the amount of loss." Allstate has requested an appraisal. This is sufficient to trigger the appraisal process to resolve the dispute as to the actual cash value of the lost property. Cal. Ins. Code § 2071(a); *Gebers v. State Farm Gen. Ins. Co.*, 45 Cal. Rptr. 2d 725, 727 (Ct. App. 1995) ("Since its substance was first enacted in 1909, Insurance Code section 2071 has directed that the standard form for fire insurance policies include an appraisal provision to settle disagreements concerning the amount of loss.").

By the plain language of the insurance policy, it is immaterial that Enger believes the cause of the disagreement concerning the actual cash value is Allstate's alleged use of an improper valuation method. The contract makes no

3

exception where the source of the dispute is the valuation method used: so long as the parties "fail to agree as to the actual cash value or amount of loss," the appraisal remedy is triggered at the request of either party. *Figi v. N. H. Ins. Co.*, 66 Cal. Rptr. 774, 777 (Ct. App. 1980) (explaining that the state's standard fire insurance form includes an "appraisal clause which provides if the insured and the company disagree as to the actual cash value of a loss, then each shall select a 'competent and disinterested' appraiser and the two selected appraisers then choose a third such appraiser"). Until an appraisal is completed, it is impossible to know whether Enger's claim in fact was undervalued, such that her claims for breach of contract, breach of the covenant of good faith and fair dealing, and Cal. Bus. & Prof. Code § 17200 *et seq.*, are viable. Furthermore, because "full compliance with the policy terms" is a contractual prerequisite to bringing suit, Enger first must submit to the appraisal. Her arguments that compliance with the appraisal provision is excused or that the provision should be disregarded because she seeks declaratory relief are unpersuasive. Accordingly, the judgment of the district court is

**AFFIRMED.**

4