Filed 9/2/14  Brezinger v. Twarowski CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BORIS BREZINGER et al., | B248889 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. SC116122) |
| v. | |
| EUGENE H. TWAROWSKI, III, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norman P. Tarle, Judge.  Affirmed.

Child & Marton LLP, Bradford T. Child and Michael R. Mauge for Defendant and Appellant.

Robert H. Roe for Plaintiffs and Respondents.

\* \* \* \* \* \*

Plaintiffs and respondents Boris and Ella Brezinger (the Brezingers) filed a complaint against defendant and appellant Eugene H. Twarowski, and served the summons and complaint via substitute service. A default and default judgment were entered against appellant when he failed to answer or otherwise respond. The trial court denied appellant's two motions seeking to vacate entry of default and the default judgment.

We affirm. Appellant failed to show he was entitled to relief under Code of Civil Procedure section 473, subdivisions (b) and (d), and his renewed motion under Code of Civil Procedure section 473.5 failed to satisfy the requirements of Code of Civil Procedure section 1008, subdivision (b).

## FACTUAL AND PROCEDURAL BACKGROUND

### The Dispute Between the Brezingers and Appellant.

The Brezingers owned a single-family home in Beverly Hills that suffered water damage in 2006. They reported the loss to their insurance carrier, Federal Insurance Company (Federal), and Federal paid the claim in part and disputed it in part. The Brezingers demanded an appraisal of the loss according to the terms of their insurance policy and Insurance Code section 2071.[1]

In January 2010, the Brezingers entered into a written contract (contract) with appellant, by which he agreed to serve as their appraiser in connection with the disputed portion of the claim. At the time the parties signed the contract and the Brezingers paid a $5,000 retainer, appellant verbally represented that he thought he could perform the appraisal for approximately $40,000. When the Brezingers expressed concern to appellant about the amount that had been billed by June 2010, appellant attributed the additional time spent to Federal's appraiser's refusal to cooperate. By September 2010 appellant's bills exceeded $50,000, and he requested payment from the Brezingers for the

---

[1]    Insurance Code section 2071 requires a standard form fire insurance policy to include "an appraisal provision to settle disagreements" between the insurance company and the insured "concerning the amount of loss." (*Gebers v. State Farm General Ins. Co.* (1995) 38 Cal.App.4th 1648, 1651.)

2

prior two months' work, stating he would have no choice but to withdraw absent payment. The Brezingers paid appellant so that he would complete the appraisal process. Between January 2010 and August 2011, the Brezingers paid appellant a total of $137,880.21. They refused to pay an additional $88,652.73 he billed them.

In June 2011, the Brezingers obtained an appraisal award signed by appellant and the umpire, or neutral appraiser, but not by Federal's appraiser. The trial court denied the Brezingers' petition to confirm the award and vacated the award on the ground the umpire failed to disclose a prior economic relationship with appellant. The Brezingers elected to negotiate a settlement of the claim with Federal for $525,000, which was less than one-half of the appraisal award.

On October 3, 2011, appellant sent a letter to the Brezingers via certified mail, in which he reiterated his request for payment and advised that if his fees were not paid by October 10, 2011, he would have no choice but to commence legal action immediately. When he did not receive payment, appellant followed up with another letter to the Brezingers sent via facsimile advising that his attorney had prepared a complaint that would be filed in the event payment was not received by October 28, 2011. The Brezingers responded through counsel, requesting a refund of excess fees they asserted they paid appellant.

According to the Brezingers, in a February 2012 letter and e-mail, appellant then falsely accused them of insurance fraud and threatened to make those accusations public.

### *The Complaint and Default Judgment.*

On February 29, 2012, the Brezingers filed a complaint against appellant and his company, Twarowski Pacific, LLC, alleging causes of action for breach of contract, fraud, libel per se and declaratory relief.[2] On March 15, 2012, appellant was served with the summons and complaint via substitute service pursuant to Code of Civil Procedure,

---

[2] The Brezingers later dismissed Twarowski Pacific, LLC, from the action and it is not a party to this appeal.

3

section 415.20.[3] According to a declaration of diligence signed by registered process server David Cunningham, he attempted to serve appellant at 25202 Crenshaw Boulevard, Suite 300, in Torrance (Torrance office) on March 13 and March 14, 2012. The Torrance office appeared as the return address on appellant's correspondence to the Brezingers and was also listed with the California Secretary of State as appellant's address for service of process. On March 15, 2012, Cunningham again attempted personal service, but then left the documents at the Torrance office with "John Doe," described as the person in charge, male, 58 years old, five feet and eight inches tall, 165 pounds and balding.

Appellant failed to answer or otherwise respond to the complaint. On May 9, 2012, the Brezingers filed a request for entry of default and the clerk entered default that day. One day earlier, they mailed a copy of the request to appellant at the Torrance office, and the request was not returned. In June 2012, they sought entry of a default judgment. In support of the request, they filed a proof of service of summons, declaration of diligence, Boris Brezinger's declaration, a copy of the contract, copies of bills from appellant and copies of correspondence from appellant. In an August 2012 minute order, the trial court stated that the Brezingers had adequately proved their damages concerning the contract amount, interest and costs, but requested additional evidence concerning the request for attorney fees. After counsel submitted a supplemental declaration, the trial court entered a default judgment in favor of the Brezingers and against appellant in the amount of $160,776.02.[4] On October 18, 2012, the Brezingers' counsel served appellant by mail with a notice of entry of default judgment, and again, the notice was not returned.

---

[3]    Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[4]    The trial court later corrected a clerical error in the judgment to reflect that $110,776.02 was the amount owing.

4

***Appellant's Efforts to Set Aside the Default Judgment.***

In November 2012, appellant moved to vacate the entry of default and default judgment pursuant to section 473, subdivisions (b) and (d). He argued that the default and default judgment were void as a matter of law because he was not properly served, that they should be vacated due to extrinsic fraud or mistake, and that he was entitled to relief based on excusable neglect. In support of his motion, appellant submitted copies of pleadings and correspondence, including a May 12, 2012 letter from him to the Brezingers' counsel indicating he was aware a lawsuit had been filed against him. He also submitted a declaration from office manager Diane Meise, who averred that appellant's office was always kept locked, she did not recall receiving any documents relating to the Brezingers' lawsuit, and specifically that she did not recall a process server on March 15, 2012. In his own declaration, appellant reiterated that he learned about the lawsuit in May 2012 but did not learn of the entry of default and default judgment until October 2012. He further averred, however, that he could not have been served on the date appearing on the proof of service because his calendar entries for that day showed he was away from the office until 4:30 p.m. In addition, he averred that since mid-2011 he had been taking medication for a medical condition that sometimes affected his memory and left him disoriented, and offered that as an alternative explanation for his failure to recollect being served.

The Brezingers opposed the motion, asserting that it was untimely and, in any event, appellant was not entitled to relief. They also filed evidentiary objections. Following a hearing, the trial court issued a minute order in December 2012 denying the motion. It ruled the motion was untimely to the extent appellant sought relief under section 473, subdivision (b), as the motion was filed 184 days after entry of default—two days beyond the 182 days limit. The trial court further ruled that appellant failed to demonstrate he was entitled to relief under section 473, subdivision (d), because the default judgment was void, as he admitted he was aware of the lawsuit months before filing his motion, several documents relating to the lawsuit were mailed to his office and not returned, and any issue concerning appellant's cloudy memory was irrelevant given

5

his sufficient recollection about other matters. Finally, the trial court ruled appellant failed to show any basis for relief on the ground of extrinsic fraud.

Thereafter, in January 2013, appellant moved to vacate the default and default judgment under section 473.5. He asserted the alleged substitute service failed to provide him with actual knowledge of the lawsuit in time to appear and defend. With the addition of a declaration from the Brezingers' counsel, who averred appellant "sounded surprised" when he asked appellant in October 2012 what he was doing to address the entry of default, appellant submitted the same information on which he relied in his prior motion.

The Brezingers opposed the motion; they argued it was untimely and an inadequate request for reconsideration of the trial court's prior order, and appellant again failed to show he was entitled to relief. The trial court once again denied the motion. It ruled that the motion was effectively a motion for reconsideration or renewed motion under section 1008 and that appellant had failed to satisfy the statutory requirements. Summarizing, the trial court determined that appellant's "motion seeks exactly the same relief sought previously, and is clearly barred by section 1008(b)."

This appeal followed.

## DISCUSSION

Appellant challenges the trial court's denial of his motion under section 473, subdivision (d) and his second motion under section 473.5, arguing the trial court acted arbitrarily in denying his motions.[5] We find no basis to disturb the trial court's exercise of discretion.

## I. Applicable Legal Principles.

Section 473, subdivision (d) provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as

---

[5] Appellant does not address the trial court's determination that his motion under section 473, subdivision (b) was untimely, and we therefore consider any challenge to that aspect of the trial court's order to have been waived. (E.g., *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4; *Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 129.)

6

entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." This provision applies to a default judgment that is valid on its face but void for lack of proper service. (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.)

Section 473.5, subdivision (a) provides that a party may move to set aside a default or default judgment "[w]hen service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action. . . ." As explained in *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319: "Discretionary relief based upon a lack of actual notice under section 473.5 empowers a court to grant relief from a default judgment where a valid service of summons has not resulted in actual notice to a party in time to defend the action. [Citations.] A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service. [Citations.]"

"'A motion to vacate a default and set aside [a] judgment (§ 473) "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal."' [Citation.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Anastos v. Lee, supra,* 118 Cal.App.4th at pp. 1318-1319; accord *Strathvale Holdings v. E.B.H., supra,* 126 Cal.App.4th at p. 1249.) However, we independently review the question of whether a judgment is void for lack of proper service. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496.)

We review an order denying a section 473.5 motion to set aside a default for an abuse of discretion. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.) Likewise, we review the denial of a motion for reconsideration or renewed motion under section 1008 for an abuse of discretion. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 42.) In connection with our review, we do not disturb the trial court's credibility findings. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925.)

7

"Where affidavits in support of a motion are controverted by opposing declarations, the duty of determining the credibility of affiants is within the exclusive realm of the trial court . . . ." (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 493.)

## II. The Trial Court Properly Denied Appellant's Motion for Relief from Default and the Default Judgment under Code of Civil Procedure section 473, subdivision (d).

In his first motion, appellant sought to show that the default judgment was void because he was never properly served with the summons and complaint. (See *Caldwell v. Coppola* (1990) 219 Cal.App.3d 859, 863 ["Proper service is a requirement for a court's exercise of personal jurisdiction. [Citation.] An order entered without personal jurisdiction over the defendant is void"].) Here, the proof of service and declaration of diligence showed that personal service was attempted and appellant was served via substitute service. Section 415.20, subdivision (b), sets forth the requirements that must be satisfied for proper substitute service: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of a . . . person apparently in charge of his or her office [or] place of business, . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing."

According to the evidence, appellant used the Torrance office as his business address on his stationery, and the Torrance office was specified as his address for the agent for service of process in records filed with the California Secretary of State. Cunningham's declaration of diligence showed he made three unsuccessful attempts to personally serve appellant at the Torrance office. (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1202 [finding substitute service requirements were satisfied when server "attempted to personally serve appellant at the business address on her letterhead

8

and reported by the California State Bar by appearing at that address on three separate occasions on three different days"]; *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392 ["'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made'"].) On the third attempt on March 15, 2012, Cunningham left the summons, complaint and related documents at the Torrance office with "John Doe," whom he described as the person in charge, male, 58 years old, five feet and eight inches tall, 165 pounds and balding, and the day after mailed the documents to the Torrance office.

The filing of a proof of service that shows on its face compliance with the statutory requirements creates a rebuttable presumption of proper service. (Evid. Code, § 647; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) The substitute service effected here was no different than that in *Hearn v. Howard, supra,* 177 Cal.App.4th at pages 1201 to 1202. There, the court rejected an argument a default judgment was void where the evidence showed the process server attempted three times to personally service the defendant at his business address, a private post office box rental store; during the third attempt he left the documents with the mail store clerk; and he subsequently mailed the documents to the same address. (*Id*. at p. 1202.) Cunningham's proof of service and declaration of diligence likewise showed the requirements of section 415.20 had been met, and therefore the burden shifted to appellant to present contradictory evidence in order to overcome the presumption that service was valid. (*M. Lowenstein & Sons, Inc. v. Superior Court* (1978) 80 Cal.App.3d 762, 770, disapproved on other grounds in *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 255, fn. 7.)

According to appellant's declaration, he reviewed the description of the individual with whom the documents were left and averred, "I am the only male individual in my office and therefore the only individual who could have met that description." He further averred he reviewed his calendar for March 15, 2012, and those "records indicate I was not in my office on the date and time attested to by the process server." He declared that the calendar had refreshed his recollection that he attended the appointments listed

9

therein.  But then he averred that he takes medication that can affect his memory and stated:  "I have no recollection of ever being personally served with the summons and complaint in this case at any time and do not recall having received any other documents from Plaintiffs or their attorney, Mr. Roe, relating to a default or a default judgment against me."  Appellant's office manager also declared that the office is typically kept locked, so that she or appellant would need to open the door for anyone; that she did not recall opening the door for a process server on March 15, 2012; and that she found no documents relating to the lawsuit in appellant's files.

Though appellant argues the weight of the evidence showed he could not have been properly served, "[j]ust as with live testimony, it was for the trial court to consider the declarations" and resolve the disputed issues.  (*Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647.)  Credibility was a matter exclusively for the trial court to decide.  (*Lohman v. Lohman* (1946) 29 Cal.2d 144, 149 ["a trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it, and this rule applies to an affidavit"]; *Church of Merciful Saviour v. Volunteers of America, Inc.* (1960) 184 Cal.App.2d 851, 856-857 [trial court "may "disbelieve [witnesses] even though they are uncontradicted if there is any rational ground for doing so"].)  In turn, "[w]e must resolve all evidentiary conflicts in favor of the prevailing party," and "[w]e may not insert ourselves as the trier of fact and reweigh the evidence."  (*Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 744, 745.)  In sum, "'[w]hen an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed.'  [Citations.]"  (*Lynch v. Spilman* (1967) 67 Cal.2d 251, 259.)

In line with these principles, we decline to disturb the trial court's credibility determination. Though it characterized appellant's asserted failure to recollect being served as not "relevant," it is evident the trial court found such failure not credible in light of appellant's specific recollections of his activities on March 15, 2012, his conversations with the Brezingers' counsel and his learning of the lawsuit. Moreover, the trial court could properly consider evidence that appellant was the only male working in his office, coupled with appellant's failure to deny he was similar in appearance to the "John Doe" who was served, to reasonably infer that appellant was the individual who accepted service. Further, appellant's statement that he could have "either misfiled or mislaid" documents relating to the lawsuit while he was under medication served to minimize the significance of his office manager's statement that the Brezingers' client file did not contain any documents relating to the lawsuit. Thus, we find no basis to disturb the trial court's conclusion that appellant's evidence was insufficient to overcome the presumption appellant was properly served.

Nor do we find any reason to disturb the trial court's order on the basis of its reference to appellant's knowledge of the lawsuit from means other than service. Appellant relies on the appellate court's statement in *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1227 (*Gorham*) that "[k]nowledge by a defendant of an action will not satisfy the requirement of adequate service of a summons and complaint" and argues that the trial court acted arbitrarily by declining to set aside his default solely because he was aware of the lawsuit. *Gorham* does not assist appellant. There, the trial court found that Gorham rebutted the presumption of valid service by demonstrating he was incarcerated at the time the process server declared he had personally served him at his residence and expressly found the proof of service was false. (*Id*. at p. 1224.) Nonetheless, the trial court denied the motion to set aside Gorham's default on the ground the motion was untimely. (*Id*. at p. 1225.) The appellate court reversed,

11

reasoning that "[w]hen a judgment or order is obtained based on a false return of service, the court has the inherent power to set it aside [citation] and a motion brought to do so may be made on such ground even though the statutory period has run. [Citation.]" (*Id*. at p. 1229.)

Here, in contrast, the trial court did not make a finding that appellant had rebutted the presumption of valid service. In view of its factual determination, the trial court properly cited *Ellard v. Conway* (2001) 94 Cal.App.4th 540 and *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295 (*Gibble*) for the principle that "in deciding whether service was valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." (*Gibble, supra*, 67 Cal.App.4th at p. 313.) In both of those cases, the appellate courts affirmed denials of motions to vacate defaults where, as here, the evidence showed that valid service had been effected and the defendants never denied knowledge of the lawsuits. (*Ellard v. Conway, supra, 94* Cal.App.4th at p. 548; *Gibble, supra,* at p. 316.)

Finally, we find no support in the record for appellant's assertion that he made a strong showing for relief under section 473, subdivision (d), on the ground of extrinsic fraud. As explained in *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 47: "'Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been "deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense."'" [Citation.]" Though appellant argues that he established extrinsic fraud because the proof of service was falsified, the trial court made a contrary credibility finding, rejecting appellant's claim that the Brezingers engaged in inequitable conduct or did anything to prevent appellant from defending the case. The circumstances here are akin to those in *Gibble, supra*, 67 Cal.App.4th at page 316, where the court found no competent evidence of extrinsic fraud to support relief from default in light of evidence showing the defendant was served with

12

the summons, complaint, request for entry of default and default judgment; the defendant did not deny knowledge of the action; the defendant took no action when it received notice of entry of default; and the defendant essentially ignored the plaintiffs' effort to notify it of the action. Appellant's evidence that he did not recall being served or that he may have misplaced the summons and complaint failed to establish extrinsic fraud.

**III.     The Trial Court Properly Exercised its Discretion to Deny Appellant's Renewed Motion for Relief from Default and the Default Judgment.**

Without reference to the denial of his first motion, appellant brought a second motion seeking to set aside the default and default judgment under section 473.5. He relied on the same evidence he offered in support of his first motion, with the addition of a declaration from the Brezingers' counsel in the underlying matter, who averred that appellant sounded surprised in October 2012 when asked about the Brezingers' lawsuit against him and that appellant further stated he had never been served with a complaint. Appellant argued the default should be set aside because the service of the summons and complaint failed to provide him with actual notice of the lawsuit; he asserted the earliest he had actual notice was in May 2012, approximately one week after entry of default. The trial court denied the motion on the ground it was nothing more than a motion for reconsideration or renewed motion that failed to satisfy the requirements of section 1008 by showing new or different facts, circumstances or law.

Appellant's sole contention on appeal is that the motion should not have been evaluated under section 1008, the statute limiting a party's ability to file repetitive motions. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105; accord, *Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868, 885 (*Standard Microsystems*).) Section 1008, subdivision (a), requires that a motion for reconsideration "be (1) filed 'within 10 days after service upon the party of written notice of entry of the order' of which reconsideration is sought, (2) supported by new or additional facts, circumstances or law, and (3) accompanied by an affidavit detailing the

13

circumstances of the first motion and the respects in which the new motion differs from it. [Citation.] Renewed motions are governed by section 1008, subdivision (b) [citation], which echoes the latter two requirements, but does not impose a time limit." (*Standard Microsystems, supra*, 179 Cal.App.4th at p. 885, fn. omitted.) In addition, courts typically require that the party seeking to renew a previously denied motion based upon new or different facts "must provide a satisfactory explanation for the failure to produce the evidence at an earlier time." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212; see also *California Correctional Peace Officers Assn. v. Virga, supra,* 181 Cal.App.4th at pp. 46-47, fn. 15.)

Appellant does not argue he satisfied the requirements of section 1008, subdivision (b), by offering new or different facts, circumstances or law; a declaration explaining how his motion differed from his motion seeking relief under section 473, subdivision (d); and an explanation as to why he did not initially seek relief under section 473.5.[6] Instead, he contends that *Standard Microsystems* requires that section 1008 not be construed so as to conflict with the remedial provisions of sections 473 and 473.5. (See *Standard Microsystems, supra,* 179 Cal.App.4th at p. 873 ["to the extent a literal application of section 1008 might conflict with the provisions of section 473(b), the latter must prevail"].) His reading of the case is far too broad.

In *Standard Microsystems*, the defendants initially moved for relief from default on the grounds that service was void, or that the default was the product of the defendants' excusable mistake or neglect. (*Standard Microsystems, supra,* 179 Cal.App.4th at pp. 878-879.) After the trial court denied that motion, the defendants engaged new counsel and made a new motion for relief on the ground of attorney mistake or neglect, which was accompanied by an attorney declaration of fault. (*Id*. at pp. 880-881.) The trial court denied the second motion on the ground it was an improper motion for reconsideration, and the court of appeal reversed because the second motion was not

---

[6] Nor does appellant challenge the trial court's conclusion that his motion was untimely under section 1008, subdivision (a), as it was filed more than 10 days after the order denying his motion under section 473.

14

described in or regulated by section 1008: "[T]o the extent defendants' second motion relied upon the mandatory provisions of section 473(b), it did not ask the court to reconsider its previous order. . . . The second motion rested on an entirely different legal theory, invoked a different statutory ground, and relied in very substantial part on markedly different facts. It neither asked for, nor sought by sly evasion, a determination contrary to any determination made on the first order." (*Id*. at pp. 884, 891.) In sharp contrast, appellant's motion under section 473.5 relied on the same facts offered in support of his first motion. As the trial court acknowledged, "[n]o new or different facts, circumstances, or law are set forth. The motion instead merely relies on the same facts discussed in the prior motion, but then seeks relief pursuant to a different statute. Additionally, no declaration or affidavit discussing the prior motion is included with the motion." Accordingly, the motion was properly denied under section 1008, subdivision (b).[7]

---

[7] In any event, the motion would have been properly denied under section 473.5, because the evidence showed appellant was aware of the lawsuit by May 2012—at the latest—but then failed to seek relief until January 2013. The trial court expressly determined in its first order that appellant had actual notice of the lawsuit by no later than May 2012 and that numerous documents regarding the lawsuit were mailed to him and not returned. The evidence further showed that one of the documents mailed in May 2012 and not returned was the request for entry of default. In view of this evidence, appellant failed to show he acted with reasonable diligence. (See *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 891 [party seeking to set aside a default or default judgment must show he acted with reasonable diligence in making such a motion]; see also *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 ["Unexplained delays of more than three months in seeking relief from default after knowledge of its entry generally result in denial of relief"].)

**DISPOSITION**

The orders denying appellant's motions to vacate entry of default and the default judgment are affirmed. The Brezingers are entitled to their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *

FERNS

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16